# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY MAYS,<br><br>   Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>   Defendants. | Case No. 1:19-cv-00344-AWI-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

On March 15, 2019, Audrey Mays ("Plaintiff") filed this action against the Internal Revenue Service ("IRS") and the Department of Treasury (collectively "the Government" or "Defendants") alleging the failure to refund taxes. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

## II.

## DISCUSSION

Here, Plaintiff alleges that she did not file her taxes for 2012 and received a letter stating that she owed money. (Compl. 5, ECF No. 1.) Plaintiff went to an accountant who prepared her taxes and it turned out that the Government owed her $6,112.00. (Id.) Plaintiff filed her tax

return and the Government denied the refund stating that she had filed her tax return too late. (Id.) Plaintiff contends that she should receive an extension of time to file her tax refund because of disability. (Id. at 4.)

"As a sovereign, the United States is immune from suit without its consent. The terms of the United States' consent to be sued, when granted, circumscribe the court's jurisdiction." Danoff v. United States, 324 F.Supp.2d 1086, 1091 (C.D. Cal. 2004), aff'd, 135 F.App'x 950 (9th Cir. 2005); see United States v. Dalm, 494 U.S. 596, 602 (1990) (The United States as sovereign is immune from suit unless it consents to be sued.)

Pursuant to 28 U.S.C. § 1346(a), the United States has consented to be sued in the district court for refund of taxes. But, the United States has consented to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. United States, 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a) (2002). Therefore, unless the taxpayer has "duly filed" a claim with the IRS for a refund of Federal taxes, the district court is without jurisdiction over the claim for a refund. Danoff, 324 F.Supp.2d at 1092. "The filing of a timely claim is jurisdictional for a refund suit and cannot be waived." N. Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982). The IRS regulations require that the administrative claim must be filed:

> within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a). The tax code makes it clear that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be

1 maintained in any court." Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting Dalm, 494 U.S. at 602.)

"A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." Omohundro, 300 F.3d at 1066; Danoff, 324 F.Supp.2d at 1092. Finally, the statute of limitations is not tolled due to equitable principals. Danoff, 324 F.Supp.2d at 1099 ("courts uniformly have held that equitable principles, including the doctrine of equitable estoppel, cannot toll statutes of limitation in tax refund suits"). Therefore, there are two distinct hurdles that Plaintiff must overcome to obtain a tax refund. First, Plaintiff must show that she filed her claim for a refund within three years from the time that her return was filed. Id. at 1092. Second, if Plaintiff filed a timely claim, then any refund would be limited by the provisions of section 6511(b)(2). Id.

Here, in order to bring a suit against the Government to seek her tax refund, Plaintiff was required to file an administrative claim with the IRS. While Plaintiff has alleged that she filed her tax return, she has failed to allege that she filed an administrative claim within the three years required by section 6511 in order to confer this court with jurisdiction over her claims. Therefore, the Court finds that it lacks jurisdiction over the matter.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In this instance, Plaintiff may be able to allege facts to demonstrate that she timely filed an administrative claim with the IRS. Accordingly, Plaintiff shall be granted leave to file an amended complaint.

Plaintiff is advised that in filing her amended complaint she must allege sufficient facts to demonstrate that she file her tax return, timely filed an administrative complaint with the IRS seeking her tax refund, and it has been at least six months from the filing of the administrative complaint or she has received a decision on her claim. 26 U.S.C. § 6532(a)(1).

///

///

///

///

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is granted leave to file an amended complaint to cure the deficiencies identified in this order.

2. Plaintiff shall file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3. Failure to file an amended complaint in compliance with this order will result in a recommendation that this action be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated: __**April 25, 2019**__

UNITED STATES MAGISTRATE JUDGE