# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY MAYS,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | Case No. 1:19-cv-00344-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 7)<br><br>THIRTY-DAY DEADLINE |

On March 15, 2019, Audrey Mays ("Plaintiff") filed this action against the Internal Revenue Service ("IRS") and the Department of Treasury (collectively "the Government" or "Defendants") alleging the failure to refund taxes. (ECF No. 1.) Plaintiff's complaint was screened and it was found that Plaintiff had failed to allege facts to demonstrate that jurisdiction existed over her tax refund claim. (ECF No. 6.) Plaintiff was granted leave to file an amended complaint to cure the jurisdictional defect on April 26, 2019. (Id.) On May 21, 2019, Plaintiff filed a first amended complaint. (ECF No. 7.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);

Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

## II.

## DISCUSSION

In her first amended complaint, Plaintiff alleges that she received a notice that she needed

to file a 2012 tax return and owed taxes (Compl. 5, ECF No. 7.) Plaintiff went to an accountant who prepared her taxes and her federal return showed that she was owed $6,112.00. (Id.) Plaintiff was informed that she filed her form too late to receive a refund. (Id.) Plaintiff alleges that she appealed the denial of her refund and was denied. (Id. at 5.) As Plaintiff was previously advised,

> Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. United States, 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a) (2002). Therefore, unless the taxpayer has "duly filed" a claim with the IRS for a refund of Federal taxes, the district court is without jurisdiction over the claim for a refund. Danoff, 324 F.Supp.2d at 1092. "The filing of a timely claim is jurisdictional for a refund suit and cannot be waived." N. Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982). The IRS regulations require that the administrative claim must be filed:
>
>> within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.
>
> 26 U.S.C. § 6511(a). The tax code makes it clear that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting Dalm, 494 U.S. at 602.)
>
> "A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." Omohundro, 300 F.3d at 1066; Danoff, 324 F.Supp.2d at 1092. Finally, the statute of limitations is not tolled due to equitable principals. Danoff, 324 F.Supp.2d at 1099 ("courts uniformly have held that equitable principles, including the doctrine of equitable estoppel, cannot toll statutes of limitation in tax refund suits"). Therefore, there are two distinct hurdles that Plaintiff must overcome to obtain a tax refund. First, Plaintiff must show that she filed her claim for a refund within three years from the time that her return was filed. Id. at 1092. Second, if Plaintiff filed a timely claim, then any refund would be limited by the provisions of section 6511(b)(2). Id.

(ECF No. 6 at 3-4.)

Here, in order to bring a suit against the Government to seek her tax refund, Plaintiff was required to file an administrative claim with the IRS. The April 26, 2019 screening order stated, "Plaintiff is advised that in filing her amended complaint she must allege sufficient facts to demonstrate that she filed her tax return, timely filed an administrative complaint with the IRS seeking her tax refund, and it has been at least six months from the filing of the administrative

complaint or she has received a decision on her claim. 26 U.S.C. § 6532(a)(1)."[1]  (Id. at 4.)

The Court finds that Plaintiff's allegation that she appealed is insufficient for the Court to reasonably infer that she complied with the requirements of section 6511.  Accordingly, Plaintiff shall be granted one final opportunity to file an amended complaint to demonstrate that she filed an administrative claim in compliance with section 6511.  If Plaintiff fails to allege facts to demonstrate that she filed a timely administrative claim form, the Court shall recommend that this action be dismissed for lack of jurisdiction.

## III.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is granted one final opportunity to file an amended complaint to cure the jurisdictional deficiencies identified in this order.

2. Plaintiff shall file a second amended complaint within **thirty (30) days** from the date of service of this order; and

3. Failure to file an amended complaint in compliance with this order will result in a recommendation that this action be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **May 22, 2019**

UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that pursuant to Rule 11 of the Federal Rules of Civil Procedure, by presenting a pleading, written motion, or other paper to the Court she is certifying that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. Proc. 11(b).  Rule 11 provides for the imposition of sanctions when the Court finds that the Rule has been violated.