# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AUDREY MAYS,**<br><br>**Plaintiff**<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>**Defendant** | **CASE NO. 1:19-CV-0344 AWI SAB**<br><br>**ORDER VACATING HEARING, ORDER SUBSTITUTING PARTY, AND ORDER ON DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS**<br><br>(Doc. No. 18) |

This is a tax dispute between pro se Plaintiff Audrey Mays and Defendant Internal Revenue Service ("IRS") for a tax refund.[1] Currently before the Court is a Rule 12(b)(1) motion to dismiss. Hearing on this motion is currently set for November 25, 2019, at 1:30 p.m. Plaintiff has not filed an opposition to the motion. After review, the Court has determined that the motion is suitable for decision without oral argument. See Local Rule 230(g). The Court will vacate the November 25, 2019, hearing and issue this order, which resolves the pending Rule 12(b)(1) motion to dismiss.

## BACKGROUND

From the Second Amended Complaint, at an unknown time, Plaintiff received a notice from the California Franchise Tax Board that stated she needed to file a tax return for the year 2012. Plaintiff went to her CPA, who appears to have determined that Plaintiff owed the State of California taxes. However, the CPA determined that Plaintiff was owed a refund of $6,112 from

---

[1] The Department of the Treasury was a defendant in previous complaints, but has been omitted from the operative Second Amended Complaint. Although the Department is no longer a defendant by virtue of this omission, see Hal Roach Studios, Inc., 896 F.2d 1542, 1546 (9th Cir. 1989); Ramos v. Chase Home Fin., 810 F.Supp.2d 1125, 1145 (D. Haw. 2011), the Department remains listed as a defendant in the Court's docket.

the United States. Plaintiff was told, either by her CPA or the IRS, that due to the timeframe involved, she would not receive the refund. Plaintiff filed a claim and an appeal with the IRS for the $6,000 refund, but her claim was denied.

## **LEGAL FRAMWORK**

Federal Rules of Civil Procedure 12(b)(1)allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equip., 437 U.S. 365, 374 (1978); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); K2 Am., 653 F.3d at 1027. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the court determines whether the factual allegations are sufficient to invoke the court's subject matter jurisdiction. See Leite, 392 F.3d at 362; Meyer, 373 F.3d at 1039. When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; see Leite, 749 F.3d at 1121. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011). The plaintiff must show by a preponderance of the evidence each requirement for subject-matter jurisdiction, and as long as the dispute is not intertwined an element of the plaintiff's cause of action, the court may resolve any factual disputes itself. Leite, 749 F.3d at 1121.

# **DEFENDANT'S MOTION**

*Defendant' Argument*

Defendant argues that because it is an agency of the United States, and because congress has not authorized suit against the IRS, the United States should be substituted as a party in place of the IRS.

Apart from substitution, Defendant argues that it is making a facial and factual attack against the SAC. Plaintiff's refund suit is untimely under 26 U.S.C. § 6511(b), which limits refunds to amounts paid within 3 years of filing the claim for a refund. Plaintiff filed her request for a refund on January 11, 2017. Under § 6511(b), Plaintiff could seek a refund on amounts paid between January 11, 2014 and January 11, 2017. However, per Plaintiff's Form 4340, the only amount collected by the IRS relating to Plaintiff's 2012 tax liability was collected on April 15, 2013. Thus, under § 6511(b), Plaintiff's attempt to obtain a refund is untimely and dismissal is appropriate.

*Plaintiff's Opposition*

Plaintiff has filed no opposition.

*Discussion*

Initially, it is necessary to substitute parties. In a suit for a tax refund under 26 U.S.C. § 7422(a), the proper defendant is the United States, not the IRS or a governmental employee or officer. See 26 U.S.C. § 7422(f)(1); Venegas v. IRS, 2018 U.S. Dist. LEXIS, 117154, *2 (D. Mass. June 14, 2018). West v. United States, 2007 U.S. Dist. LEXIS 11617, *1 n.1 (W.D. Was. Feb. 20, 2007). Therefore, the Court will substitute the United States as the only defendant in this matter in place of the IRS. See 26 U.S.C. § 7422(f)(2); Venegas, 2018 U.S. Dist. LEXIS 117154 at *2; West, 2007 U.S. Dist. LEXIS 11617 at *1 n.1.

Under 26 U.S.C. § 7422(a), no suit for a tax refund may proceed "until a claim for refund or credit has been *duly filed* with the Secretary . . . ." 26 U.S.C. § 7422(a) (emphasis added). In order to be considered "duly filed," a claim for a tax refund "must be filed in accordance with, *inter alia*, the provisions of [26 U.S.C.] § 6511." Imperial Plan, Inc. v. United States, 95 F.3d 25, 26 (9th Cir. 1996). 26 U.S.C. § 6511(b) contains "lookback" provisions that "effectively eliminate

3

any danger of taxpayers recovering on stale claim." Omohundro v. United States, 300 F.3d 1065, 1069 (9th Cir. 2002). In relevant part, § 6511(b) limits a claim for a refund to amounts paid within 3 years of the date of filing of the refund claim. See 26 U.S.C. § 6511(b)(2)(A); Reynoso v. United States, 692 F.3d 973, 978 (9th Cir. 2012); Ehle v. United States, 720 F.2d 1096, 1096 (9th Cir. 1983). Section 6511(b)(2)(A)'s lookback period is "jurisdictional in nature and cannot be waived." Reynoso, 692 F.3d at 982; Zeier v. United States, 80 F.3d 1360, 1364 (9th Cir. 1996). Further, the limitation periods of § 6511 are not subject to equitable tolling. United States v. Brockamp, 519 U.S. 347, 354 (1997).

Here, the United States has submitted a copy of an IRS Form 4340 ("Certificate of Assessments, Payments, and Other Specified Matters") that indicates that Plaintiff paid her 2012 taxes in April 15, 2013. See Doc. No. 18-2. Particularly in the absence of an objection or contrary evidence, Form 4340's are admissible and may establish any fact that appears therein. See Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1992). In the absence of an opposition, the Court concludes that all payments relating to the 2012 tax year were made by Plaintiff in April 2013.

Applying § 6511(b)(2)(A) to this case, the Court agrees with the United States that Plaintiff's claim for refund is untimely. Plaintiff does not challenge the fact that she submitted her claim for a refund in January 2017. Applying the three year lookback of § 6511(b)(2)(A), Plaintiff could make a claim for a refund based on payments made as far back as January 2014. However, because Plaintiff's payments relating to her 2012 tax assessment were made in April 2013, Plaintiff's request was untimely by approximately nine months. Because the lookback period of § 6511(b)(2)(A) is jurisdictional, and Plaintiff has not shown that she can meet its requirements, the Court lacks jurisdiction over this matter and must dismiss this case. See Reynoso, 693 F.3d at 982; K2 Am., 653 F.3d at 1027.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The November 25, 2019 hearing date is VACATED;

4

2. The United States is SUBSTITUTED as the defendant in this matter in place of the Internal Revenue Service and the Department of the Treasury;

3. The Clerk shall TERMINATE the Internal Revenue Service and the Department of the Treasury;

4. The United States' Rule 12(b)(1) motion to dismiss (Doc. No. 18) is GRANTED; and

5. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: November 18, 2019

SENIOR DISTRICT JUDGE